And now we'll hear 22-2676, United States v. Abreu. All right. And, Council, you've reserved two minutes for rebuttal. You may proceed when you're ready. Yes. You may proceed. Thank you, Your Honor. Good morning. I'm David Runke. I represent the appellant in this matter, Cesar Abreu. He stood trial in the Southern District during the spring of 2022 for narcotics distribution offenses. And during that trial, over objection and over pretrial objection, the trial court permitted the jury to hear evidence that he had engaged in other uncharged earlier drug distribution activities in Pennsylvania and that he was convicted in federal court in the Middle District of Pennsylvania of that narcotics offense. And the court permitted the government to put on the results of the search of his home in Pennsylvania that produced a large quantity of drugs. This was the Middle District of Pennsylvania conviction occurred in 2010. The underlying conduct occurred in 2009. So we're some over a decade after the conduct and more for the conduct than the conviction was 10 or 12 years before the 2022 trial in the Southern District. The crux of my argument on this issue of appellant's argument is that there was no specific purpose under Rule 404B, limited purpose under 404B, for which this evidence was relevant or as to which the evidence was relevant. The district court admitted the evidence on the elements of, quote, knowledge and intent. It is a plain fact that in every narcotics case, federal narcotics case, the defendant's knowledge and intent are simply elements of the underlying offense. Yes, he had access to the apartment. He went in the apartment, keys and the like, but had nothing to do with the drugs and paraphernalia. But there was no evidence of him dealing with the drugs. That's correct. The cross-examination of the agents was there was no fingerprints, no DNA, no anything connected to the drugs that connected up with this particular individual. So that doesn't that put in issue very specifically his knowledge and intent with respect to the drugs that he's in the presence of? No, Your Honor, respectfully. And here's why. And I have in mind the case law that discusses exactly the issue that Your Honor raises. There are cases where a defendant claims, oh, I didn't know those things were drugs, or there's an issue presented that I didn't know that those things were drugs that I was looking at. And there are cases, and we've cited the cases in the brief, there are cases on the issue of intent saying, sure, they were drugs, but I didn't intend to distribute them. I was going to use those drugs myself. You know, a ludicrous proposition given the quantity of drugs in this case. Just itself, if I may, suppose I didn't read with you that this evidence was both not. Can you hear me? I'm having a little difficulty, Your Honor. I'm trying. Can you hear me now? I can hear you now. Yes, sir. Suppose that I agree with you that this evidence was not relevant to what he was being charged with, given what he conceded. What is to be said for the evidence that is there on what is being charged with so that this is harmless or wrongly admitted? Your Honor, simply in this case, Mr. Abreu put into issue knowledge and intent, that's exactly right, because he pleaded not guilty to the charges in the indictment and put the government to its burden of proving beyond a reasonable doubt. But it's not a case where he said anything to the effect of, oh, I wouldn't know drugs if I saw them, or anything to the effect that he said, you know, I knew there were drugs and I possessed them, but, you know, I wasn't going to distribute it. One of them is the knowledge aspect of Rule 404, and the other is the intent aspect of Rule 404B, the very issues on which the trial judge admitted the evidence. And it can be hardly imagined, a more prejudicial category of evidence, that where a jury hearing a defendant on trial for a federal narcotics distribution case learns that the same defendant has been convicted in federal court on a prior occasion of a federal narcotics offense, with the jury also presented with the evidence of the earlier underlying drug activity. The operative word is propensity, and the danger is propensity. You know, he did it before and he did it again. And as the Supreme Court said in the Michelson case, the danger here is not that the evidence is persuasive, but that it may be over persuasive and be an attack on the character and propensity. And so the core of our position, when we come to the 403 balancing part of the inquiry under Rule 404B, that it's admitted and now we have to determine whether it's unfairly prejudicial, is that we don't even need to get to that point because we do not believe and we argue that the evidence was properly admitted under 404B in the first case. And this court's decision in the Garcia case in 2002 I think is particularly applicable and important, and both sides have discussed it in the briefing. Garcia involved an 11-year-old conviction, and the court, in the discussion of the 404B process and the 403, came to the decision that that's simply too old to have much bearing on what a defendant's state of mind or knowledge or intent is more than a decade after the fact. And, you know, Garcia's cited to the general rule of evidence that a conviction that's more than 10 years old is not even admissible or after release from confinement is not even admissible because of the passage of time. So the evidence was not, quote, unquote, squarely presented, close quote, which is the language in Garcia, that somehow I lacked knowledge or I lacked intent, something affirmative on the part of the defendant, and it cannot be seen as harmless on any level as the government contends. And if it's error, it's harmless. And I have reserved two minutes for rebuttal. Yes, you have. Thank you, counsel. Thank you. We'll hear from the government. Good morning, Your Honors. May it please the court, my name is Jacob Gutwillig. I'm an assistant United States attorney. I represent the United States on this appeal and represent the United States at trial. I'd like to respond to a few of the arguments that counsel has raised this morning, starting with the point, Your Honor, that Judge Nathan, you raised. The defense at this case was a mere presence one, intent and knowledge were squarely at issue. And that's because the only way to think of this defense is that he had access to the apartment. And the only question is whether he had intent to deal with the drugs that were in it. Now, he also, counsel just said that he pleaded not guilty to the possession with intent to distribute narcotics, and therefore intent is not an issue. It's actually the opposite. The government doesn't need to prove that he lived at the apartment and didn't need to prove that as to any of the offenses. The government needed to prove intent to distribute the narcotics. That was never disclaimed as a defense. And the government properly admitted this evidence, and Judge Furman properly admitted this evidence as to the issues of knowledge and intent. And, in fact, by raising the idea of DNA or something like that, there are cases that hold, for instance, Paulino, which is cited on page 16 of our brief, that that raises intent squarely. Now, as to the argument with respect to Garcia, which is cited on page 17 of our brief, the issue there was that there was no similarity the court found between the two instances. Here, Judge Furman correctly found quite the opposite, which is that there was a striking similarity between the two. And that's because in the 2009 search, there was drug paraphernalia, including grinders. In this search, the one that led to the charges here in 2021, there was also drug paraphernalia, including some of the same types of things. That makes it probative and relevant in this case. Now, with respect to counsel's argument that this would somehow be unduly prejudicial, the evidence was properly admitted. Beyond that, any error was certainly harmless here. Because, as Judge Furman correctly noted, the evidence was simply overwhelming in this case. The jury was out for less than an hour and a half. And the evidence here was not just that he previously had maintained a stash house, which took up approximately 10 pages of testimony, was very limited in scope, had a limited instruction when it came in, and a limited instruction during the charge. The evidence here was including a five or six foot tall kilo press in the apartment, which was a small studio apartment, video surveillance of the apartment, showing the defendant coming and going for many months prior to the search, evidence from approximately seven cell phones that included, in at least one instance, a video of what appeared to be wrapping a brick of drugs. So the evidence here, Your Honors, was simply overwhelming. So even if the 404B evidence here were not properly admitted, which it was, any error would be harmless. I'd like to make one final point, which is that certainly Judge Furman took this into account because the government also sought to admit prior to trial another instance of the defendant's prior narcotics dealing. And in that case, which took place in the Eastern District of Pennsylvania, the issue was effectively the mailing of drugs from one place to the other. And Judge Furman excluded that evidence because it was not similar and not substantially similar to come in under 404B. So the balancing here was appropriate. This evidence was correctly admitted. And any error here would be harmless. Unless the panel has any questions for me, the government rests on its submission. Thank you. Thank you. On the harmless error standard, the government argues, first of all, that Judge Furman should be accredited for not making two 404B errors by excluding one of the prior drug convictions from the Eastern District of Pennsylvania. The standard for harmless error, as this Court has held and other courts have held, is that the evidence would not have a substantial influence on the jury. That's the test. That's the standard. Did this evidence have a substantial influence on the jury? And how can one say that evidence of a prior federal narcotics conviction and prior federally prosecuted drug activity would not have had a substantial impact on any jury? I mean, the government says, well, it only took about ten minutes. And that seems to be an argument against 404B. Yes. I understand your position. And the argument is that, well, it only took ten minutes. As one who sat at the table while that ten minute went on, it was a very bad ten minutes of a trial because in that ten minutes the jury was in receipt of extremely prejudicial evidence that should not, prospectively in my view and in the arguments that we have made, should not have been presented to the jury at all. And unless the court has further questions, I have a few seconds left. I will rest on those remarks. Thank you, counsel. Thank you. Thank you to both counsel for your helpful arguments. The matter is submitted and we will reserve decision.